# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8493 | **DATE** | 4/3/2003 |
| **CASE TITLE** | US ex rel. Nathan Kidd vs. Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the Kidd's petition for a writ of habeas corpus. All other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | 03 APR -3 AM 11:04 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.<br>NATHAN KIDD,<br><br>      Plaintiff,<br><br>vs.<br><br>JONATHAN R. WALLS, Warden, Menard<br>Correctional Center,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 02 C 8493<br><br>**DOCKETED**<br><br>APR 0 4 2003 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Petitioner Nathan Kidd's request for habeas relief under 28 U.S.C. § 2254(d)(1). For the reasons set forth below, we deny the petition.

### BACKGROUND

Kidd is serving a seventy-year prison sentence for first degree murder in the custody of the State of Illinois. Kidd pled guilty to the offense and was sentenced on June 14, 1999. He did not directly appeal his conviction or sentence, and they became final on July 14, 1999 – the deadline for an appeal. On March 3, 2000, he filed a petition for post-conviction relief in Illinois state court. The petition claimed the following violations of his rights:

1. Ineffective assistance of counsel;

2. Illegal search and seizure;

3. No probable cause for arrest;

4. His confession was coerced; and

5. He was not found guilty beyond a reasonable doubt.

The trial court denied the petition, and Kidd appealed. In his appeal, Kidd altered his strategy for relief. Instead of arguing the five above-mentioned grounds for relief, Kidd only argued that his seventy-year sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which issued during the intervening time period. The Illinois appellate court ultimately denied the appeal. Kidd's petition for leave to appeal to the Supreme Court of Illinois was also denied. On November 21, 2002, Kidd filed this federal habeas action on the basis of all six of the above-mentioned grounds for relief.

## LEGAL STANDARD

Kidd must demonstrate that the adverse state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 379 (2000).

## DISCUSSION

Kidd alleges that his conviction/sentence are unconstitutional for the following reasons:

1. He did not receive effective assistance of counsel;

2. He was subjected to an illegal search and seizure;

3. There was no probable cause for arrest;

4. His confession was coerced;

5. He was not found guilty beyond a reasonable doubt; and

6. His sentence was extended by ten years in violation of his due process rights as set forth in *Apprendi*, 530 U.S. 466.

Kidd is procedurally barred from now raising the first five grounds in this habeas petition. After losing his post-conviction petition at the trial level, Kidd abandoned these grounds for relief. Since he did not place these arguments before the Illinois appellate court, we will not entertain them on habeas. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

Kidd's final ground for relief is that his sentence is unconstitutional because it was extended by the trial court after finding that Kidd committed murder with brutal

-3-

and heinous behavior indicative of wanton cruelty. Kidd argues that the factor of brutal and heinous conduct was not proven beyond a reasonable doubt and, therefore, cannot serve as the basis of additional punishment. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

At the state appellate level, the State successfully argued that, since Kidd was found eligible for the death penalty beyond a reasonable doubt, the imposition of an extended term sentence did not run afoul of the rule in *Apprendi*. In this habeas proceeding, the State has shelved this substantive argument for a more technical one: *Apprendi* does not apply retroactively. Under the clear law of the Seventh Circuit, *Apprendi* "does not disturb sentences that became final before June 26, 2002, the date of its release." *Curtis v. U.S.*, 294 F.3d 841, 844 (7th Cir. 2002). Kidd's sentence became final on July 14, 1999 – prior to the effective date of *Apprendi*.

## CONCLUSION

Based on the foregoing analysis, we deny the petition.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 3 2003

-4-